(33 Misc. Rep. 496.)

PEOPLE ex rel. SULLIVAN v. WENDEL et al.

(Supreme Court, Special Term, Kings County. December, 1900.)

1. INSANE PERSONS—CONFINEMENT—NOTICE—HEARING—DUE PROCESS OF LAW.
The insanity law (Laws 1896, c. 545), in so far as it permits the perpetual confinement of one as insane without service of notice on the alleged lunatic of the application for an adjudication as to his sanity, or hearing at which he is present in person or by representative, is unconstitutional, as authorizing the deprivation of liberty without due process of law.

2. SAME—TRANSFER OF CUSTODY.
Where an alleged incompetent was committed to the custody of her sister, it is doubtful if the state commission in lunacy has authority to authorize her transfer to a hospital; the statute only permitting transfers from one hospital to another.

# ERRATA.

On page 949, for "temporal" read "temporary" in seventh and eighth lines of opinion.

Habeas corpus by the people, on the relation of Maurice J. Sullivan, against John G. Wendel and another, for the discharge from custody of Georgiana G. R. Wendel, an alleged incompetent. Application granted.

William L. Snyder, for relator.

Bartow S. Weeks, for respondent.

MAREAN, J. The alleged incompetent was adjudged insane and committed by a justice of the supreme court, pursuant to sections 61 and 62 of the insanity law (Laws 1896, c. 545). The adjudication was final, and the commitment perpetual, subject only to be terminated by affirmative proceedings on her part, to be taken while in confinement, in which she would be required to give security for costs. There was nothing provisional or temporal about the adjudication or the commitment. Temporal and provisional restraint is provided for by section 68. She had no notice of the application, either personal or by substituted service on some person in her behalf, and there was no hearing at which she was either present or represented by any other person. She had been finally adjudged insane, and committed to perpetual restraint, without notice or hearing. She is deprived of her liberty, therefore, without due process of law. People v. St. Saviour's Sanitarium, 34 App. Div. 363, 56 N. Y. Supp. 431. The insanity law, so far as it permits this, is in violation of the constitution. When one has been duly adjudged insane,—when his status as an insane person has been duly established,—personal notice, or notice of proceedings affecting his interest, may be dispensed with, if it appears that such service would be prejudicial to his mental condition. But, for the protection of those who are sane, it ought not to be tolerated that any person should be adjudged insane, and finally committed, without either notice or actual hearing.

It is doubtful, also, if the commitment of the alleged incompetent to the custody of her sister, even if it were valid, warranted her transfer to the hospital by the commission. The statute only permits transfers from one hospital to another. She is discharged.